AB:JPM

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - -X

UNITED STATES OF AMERICA

- against -

ELTON HITTMAN ABRAMS,

           Defendant.

COMPLAINT

(8 U.S.C. §§ 1326(a) and (b)(2))

Case No. 18-M-658

- - - - - - - - - - - -X

EASTERN DISTRICT OF NEW YORK, SS:

      DENNIS J. CARROLL, being duly sworn, deposes and states that he is a Deportation Officer with the Department of Homeland Security, United States Immigration and Customs Enforcement, duly appointed according to law and acting as such.

      On or about July 19, 2018, within the Eastern District of New York, the defendant ELTON HITTMAN ABRAMS, being an alien who had previously been deported from the United States after a conviction for the commission of an aggravated felony, and who had not made a re-application for admission to the United States to which the Secretary of the Department of Homeland Security, successor to the Attorney General of the United States, had expressly consented, was found in the United States.

      (Title 8, United States Code, Sections 1326(a) and (b)(2)).

The source of your deponent's information and the grounds for his belief are as follows:[1]

1. I am a Deportation Officer with United States Immigration and Customs Enforcement ("ICE") and have been involved in the investigation of numerous cases involving the illegal reentry of aliens. I am familiar with the facts and circumstances set forth below from my participation in the investigation; my review of the ICE investigative file, including the defendant's criminal history record; and from reports of other law enforcement officers involved in the investigation.

2. The defendant ELTON HITTMAN ABRAMS is a citizen of Guyana. On or about January 6, 1997, ABRAMS was convicted of keeping and maintaining a dwelling which was resorted to by drug abusers for the purpose of illegally administering controlled dangerous substances and used for the illegally manufacturing, distributing, storing, and concealing controlled dangerous substances, specifically cocaine, in violation of Article 27, Section 286(5) of the Annotated Code of Maryland. ABRAMS was sentenced to 2 years of incarceration.

3. On or about January 8, 1999, the defendant ELTON HITTMAN ABRAMS was ordered removed from the United States by an immigration judge in New York, New York. Thereafter, on or about December 28, 1999, the defendant was removed to Guyana.

---

[1] Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

4. On or about July 19, 2018, law enforcement officers assigned to the US Marshals Service Regional Fugitive Task Force identified the defendant ELTON HITTMAN ABRAMS sitting in his vehicle on Nostrand Avenue in Brooklyn, New York. Law enforcement officers approached the vehicle and asked the defendant his name. The defendant provided officers his full and correct name and a date of birth which matches the date identified in Elton Abrams immigration file. Officers asked the defendant for identification, and the defendant presented an expired Guyanese passport with the name "Elton Abrams." Law enforcement officers arrested the defendant.

5. A search of immigration records has revealed that there exists no request by the defendant for permission from either the United States Attorney General or the Secretary of the Department of Homeland Security to re-enter the United States after his prior removal.

WHEREFORE, your deponent respectfully requests that the defendant ELTON HITTMAN ABRAMS be dealt with according to law.

_____
DENNIS J. CARROLL
Deportation Officer
United States Immigration and Customs Enforcement

Sworn to before me this
19th day of July, 2018

_____   S/ Pollak
THE HONORAJ
UNITED STAT
EASTERN DIS'