UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>– against –<br><br>ELTON HITTMAN ABRAMS,<br><br>Defendant. | **Statement of Reasons Pursuant to**<br>**18 U.S.C. § 3553(c)(2)**<br><br>18-CR-431 |

**Parties:**

For United States

**Appearances:**

Andrew Grubin
Assistant United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201-1820
718-254-6322

For Defendant

Michael K. Schneider
Federal Defenders of New York, Inc.
One Pierrepoint Plaza, 16th Floor
Brooklyn, NY 11201
718-330-1200

JACK B. WEINSTEIN, Senior United States District Judge:

## Table of Contents

I.     Introduction ................................................................................................... 1
II.    Instant Offense ............................................................................................. 1
III.   Guilty Plea .................................................................................................... 2
IV.    Sentencing Hearing ...................................................................................... 3
V.     Offense Level, Criminal History Category, and Guidelines Range ............. 3
VI.    Law ............................................................................................................... 3
VII.   18 U.S.C. § 3553(a) Considerations ............................................................ 4
VIII.  Sentence ....................................................................................................... 5
IX.    Conclusion ................................................................................................... 5

## I. Introduction

In 1999, Elton Abrams ("Abrams" or Defendant"), then a lawful permanent resident of the United States, was removed from the United States following his conviction for maintaining a common nuisance, "to wit: cocaine." Although the proceedings leading to his removal were flawed, he was validly removed. *See United States v. Abrams*, 360 F. Supp. 3d 141 (E.D.N.Y. 2019) (denying Defendant's motion to dismiss the indictment). Nearly 20 years later, Defendant was arrested in Brooklyn, New York. He is currently without lawful immigration status.

Abrams pled guilty to illegal reentry into the United States, in violation of 8 U.S.C. §§ 1326(a), (b)(1). He is sentenced to time-served, to be followed by one year of supervised release.

## II. Instant Offense

Abrams, a citizen of Guyana, immigrated to the United States as a lawful permanent resident on April 6, 1995. Presentence Investigation Report ("PSR") ¶¶ 3, 32. Fewer than two years later, he pled guilty to maintaining a common nuisance, "to wit: cocaine," in violation of

1

Maryland Code Article 27, Section 286(a)(5). PSR ¶ 3. He was sentenced to two years' incarceration, about one year of which he served before being released into the custody of the Immigration and Naturalization Service ("INS"). *Abrams*, 360 F. Supp. 3d at 145.

INS alleged that Abrams was removable because he had been convicted of an offense relating to a controlled substance and that qualified as an aggravated felony. *Id.* The immigration judge handling the matter agreed, and Defendant was removed from the United States on December 28, 1999. PSR ¶ 3. Upon Defendant's motion to dismiss the indictment in this case, the court concluded that the Maryland offense to which he pled guilty did not qualify as an aggravated felony, but found the removal valid nonetheless because the offense related to a controlled substance. *Abrams*, 360 F. Supp. at 147–51.

In July 2019, law enforcement officers assigned to the United States Marshals Services Regional Fugitive Task Force identified Defendant sitting in his vehicle in Brooklyn, New York. PSR ¶ 4. He provided the officers his full name and date of birth, which matched his immigration file, and presented an expired Guyanese passport for identification. *Id.* Abrams was then placed under arrest. *Id.* He was released on bond from federal custody after one day of incarceration, but was then held in immigration custody for one month before being released on bond. Letter from M. Schneider 2, ECF No. 47.

### III. Guilty Plea

After Defendant's motion to dismiss was denied, he pled guilty to a single-count indictment charging him with being found in the United States, after having been removed and deported following conviction for commission of a felony and without express consent to reenter by the Secretary of the United States Department of Homeland Security and the United States Attorney General, in violation of 8 U.S.C. §§ 1326(a), (b)(1). PSR ¶ 1.

Defendant's guilty plea was accepted by the magistrate judge and again by this court.

## IV. Sentencing Hearing

A sentencing hearing was conducted on August 5, 2019. Defendant spoke briefly on his own behalf, expressing his remorse for his conduct.

The proceedings were recorded on video to develop a record of body language and the atmosphere in the courtroom. *See* 18 U.S.C. § 3553(a); *In re Sentencing*, 219 F.R.D. 262, 264 (E.D.N.Y. 2004) ("A[n appellate court's] *de novo* review would be factually deficient without a video record of the district court's sentencing hearing.").

## V. Offense Level, Criminal History Category, and Guidelines Range

The base offense level for Defendant's offense is eight. U.S.S.G. § 2L1.2(a). Two levels are deducted for acceptance of responsibility. *Id.* § 3E1.1(a). The total offense level is six. PSR ¶ 17.

In addition to his Maryland conviction, Defendant was convicted of operating a motor vehicle under the influence of drugs or alcohol. PSR ¶ 20. His criminal history category is I.

The United States Sentencing Guidelines (the "Guidelines") provide a guideline imprisonment range of zero to six months.

## VI. Law

The Guidelines are advisory, not mandatory. *United States v. Booker*, 543 U.S. 220, 245–46 (2005). "A district court may not presume that a Guidelines sentence is reasonable; it must instead conduct its own independent review of the sentencing factors, aided by the arguments of the prosecution and defense." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc). The district court must "consider all of the § 3553(a) factors to determine whether they support the sentence requested" and "make an individualized assessment based on the facts presented." *Gall v. United States*, 552 U.S. 38, 49–50 (2007).

3

## VII. 18 U.S.C. § 3553(a) Considerations

Abrams, 45, was born in Georgetown, Guyana. PSR ¶ 29. He is one of seven children of his parents, who were married for about 15 years before Defendant's father was killed in a car collision. PSR ¶¶ 29–30. His mother, a home health aide, later remarried and had another child. *Id.* Defendant's stepfather died around the time of his arrest for the instant offense. PSR ¶ 30. Until Defendant was 22 years old, he resided with his family in Guyana. PSR ¶ 32. His mother immigrated to the United States in 1993 and sponsored Defendant to join her to seek a better life. *Id.* Defendant describes his childhood and young adulthood as uneventful, free from abuse or neglect. *Id.* The family was financially comfortable. *Id.* Abrams has a good relationship with his mother and siblings, some with whom he lives. PSR ¶¶ 29–30, 32. His mother also financially supports him. PSR ¶ 32. Abrams's family members were upset when they learned of his conviction for illegal reentry but are supportive. PSR ¶ 30.

Defendant's immigration status has affected his relationships with significant others and his four children. He and the mother of his 20-year-old son were in a relationship from 1996 until Abrams was deported. PSR ¶ 33. She and Abrams remain in regular contact, and he helps financially support their son. *Id.* The 20 year old lives at home in Brooklyn, New York and will attend college this fall. *Id.* Abrams and the mother of his 17-year-old daughter met in Guyana and were in a relationship until he returned to the United States. PSR ¶ 35. They live in Guyana. *Id.* Defendant financially supports his daughter, who hopes to attend college this fall. *Id.* From about 2008 to 2018, Defendant was in a relationship with the owner of a grocery business who resides in New Jersey. PSR ¶ 36. They grew apart after his arrest for the instant offense, and their relationship ended soon after. *Id.* The couple's two children are five and 10, and Abrams sees them regularly. *Id.* He also financially provides for the children. *Id.* Defendant's

4

siblings and mother will take over his financial responsibilities should he be incarcerated or deported. PSR ¶¶ 33, 35–36.

## VIII. Sentence

Abrams is sentenced to time-served, one day of incarceration. An additional period of incarceration will be of great cost to the United States and of little penological value. Defendant is remorseful about the conduct that led to his conviction. He is subject to immigration proceedings and is likely to be deported. He will be separated from his family members who live in the United States, including his two young children. Abrams is specifically deterred from engaging in this criminal conduct, and others in society are deterred.

A one-year term of supervised release is imposed. After he is removed, it is a condition of his supervision that he not return to the United States. No fine is imposed because he does not have the assets to pay one. No forfeiture or restitution is required.

## IX. Conclusion

The sentence is "sufficient, but not greater than necessary" to comply with the purposes of sentencing. 18 U.S.C. § 3553(a).

SO ORDERED.

_____
Jack B. Weinstein
Senior United States District Judge

Dated: August 6, 2019
       Brooklyn, New York